ESTHER LEICHTUNG, Respondent, *v.* SIMON NATKIN and MEYER NATKIN, Appellants.

Third Department, July 8, 1920.

**Damages — evidence — hearsay — judgment modified.**

Where, in an action by the lessee of premises leased as a boarding house brought to recover for alleged overcharges by the defendants for transporting guests to and from the boarding house and for damages for other causes, such overcharges are testified to only by a witness who had no personal knowledge, so that the verdict on such issue rests entirely on hearsay evidence, the judgment will be modified by deducting the amount of damage so sought to be established.

APPEAL by the defendants, Simon Natkin and another, from a judgment of the County Court of Sullivan county in favor of the plaintiff, entered in the office of the clerk of Sullivan county on the 22d day of November, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 9th day of December, 1918, denying defendants' motion for a new trial made upon the minutes.

The action was instituted before a justice of the peace and was removed into the County Court by a notice of appeal demanding a new trial.

*Ellsworth Baker* and *Isadore Rothenberg,* for the appellants.

*Nellie Childs Smith,* for the respondent.

COCHRANE, J.:

Defendants owned a summer boarding house and leased it to the plaintiff. They agreed to transport boarders between the railroad station and the boarding house on their arrival and departure for which the defendants were to be paid by the plaintiff twenty-five cents for each passenger and the same price for each trunk. Bills for these services were to be paid weekly.

It is claimed by the plaintiff that the defendants charged for transporting guests who arrived or departed otherwise than by means of the conveyance of defendants and that they coerced the payment of such overcharges by depriving the house of its supply of water and gas and that compelled by necessity she paid the bills under protest. She makes a similar claim in regard to machine oil which the defendants contrary to the terms of their contract compelled her to furnish for the gasoline engine which pumped water into the house. This action is brought to recover such overcharges.

The defendants admit that they deprived the plaintiff of water and gas until she paid her bills but deny any overcharges.

As submitted to the jury the plaintiff's claim for transportation overcharges was twenty-nine dollars and seventy-five cents, and for the machine oil twelve dollars and eighty cents from which was deducted a conceded credit to the defendants of nine dollars and eighty-five cents for loss of furniture in the house belonging to them, leaving a balance due the plaintiff of thirty-two dollars and seventy cents as claimed by her. This was the amount of the verdict rendered by the jury.

Although the defendants rendered weekly bills the plaintiff did not produce them at the trial and indicate therefrom which items were incorrect. She attempted to establish the transportation overcharges by her daughter who acted as her bookkeeper and manager. The daughter testified she indicated in a book in connection with the arrival and departure of guests whether they did so by means of the defendants' conveyance or otherwise; that she had no recollection of the facts other than from those entries and she attempted to give her recollection as refreshed thereby. She testified, however, that she did not in all cases have personal knowledge of the method of transportation when she made the entries

but that they were based on inquiries made by her of different individuals and that she could not tell what entries or how many she made from personal knowledge. There were numerous entries nearly all of which may have been made from statements to the witness by others. The verdict as to these overcharges rests entirely on this hearsay evidence no other evidence having been offered in support thereof.

It follows that the judgment should be modified by deducting twenty-nine dollars and seventy-five cents therefrom, and the judgment, as so modified, and order should be affirmed, without costs.

Judgment modified by deducting twenty-nine dollars and seventy-five cents therefrom, and the judgment, as so modified, and order unanimously affirmed, without costs.